Good morning. I'm Lonnie Williams. I represent the Appellant Auto Nation. Your Honors, we primarily because a successful resolution of that appeal really disposes in part of the second one, since it would really require a remand. And I think the first appeal raises a clear, distinct issue, and that is whether under the Age Discrimination Act, nominal damages are awarded. I think in that respect, we have provided you with the authorities who have ruled on that matter. There are various district courts, one circuit court, one circuit court in an unpublished opinion from the Second Circuit, and all have concluded that they are not. They all have concluded for the same basic rationale that has existed in this area for years, and that is, nominal damages are a product of common law or compensatory damages, which are not allowed under the Pacific Act. It's clear that also under Title VII, they are currently allowed. But when we go back and look at the cases that have been cited to this court, they weren't allowed before 1991. Because before 1991, the damages provision of Title VII somewhat mirrored what we're now dealing with, because they would not allow compensatory damages that they do now. And I think we also have two other Federal provisions, the FMLA, where there has been specific rulings we have cited to you on very identical damage provision that say nominal damages are not allowed. In response to that, we have to look at what the rationale is for not allowing them in this Act, where there has been a violation of the Act, and why it serves as a reason for not allowing them in this Act, and why it serves the purposes of the Act to say you don't get any nominal damages, therefore, you can't support any other kind of relief. What is the reason for that? Verrilli, there's an assumption in your question that without proving the damages portion of the Age Act, there is a violation. Many of the cases we cite deal with that because they dispose of such a case on summary judgment. And so we do not accept the proposition that without the damage component, there is a violation. But to specifically answer your question, the rationale is that Congress has made a decision that there will be different damages for different violations of various Civil Rights Acts. Under Title VII, those damages are specific. They are compensatory. And once you find the liability there, under common law damages, you can find nominal damages. That is a common law concept that has been incorporated into many of the Civil Rights Acts because they are now allowing, in essence, common law damages, with a cap granted. Well, what does the statute mean when it says to grant such legal and equitable relief that is appropriate to effectuate the crime? That is limited, Judge Stroder, by the specific statement when it talks about reinstatement and other equitable relief. It is limited there, whereas in Title VII post-'91, it is not. It says legal relief, but that really means only equitable relief? It means legal relief as defined in the statute. You have to keep in mind there's also injunctive provisions that can be applied. But in this particular Act, they go on to say your damages are limited to, in essence, loss of pay, injunction or other equitable relief. The equitable relief under certain circumstances where you don't have reinstatement allows for front pay. But nothing would allow for compensatory damages, which in all of the cases that are cited, there are no compensatory damages. And in this case, I think when you look at the cases that reject the claim at summary judgment, basically saying that under the Act, the key is a violation based on age that results in a tangible loss in some type of benefit or job or position. And without that, there is no case to go forward. And we've cited numerous cases, and most of them -- Where did the complaint allege? The complaint in this case alleged numerous counts, but with respect to the age claim, there was a claim that he was terminated because of his age that was rejected by the jury. In fact, there was really no evidence at trial to link up the termination, because the evidence showed that he acknowledged he was terminated because he failed to return to work after being on a disability leave. And therefore, the jury concluded that, yes, there was an age-hostile work environment, as the judge instructed, but also said that there was no nexus between that and his termination, and there was no other claim of job loss. He was off the job. Pardon? Why was he off the job? He was off the job because of a mental disability. That had nothing to do with the hostile work environment. He made no attempt to link up that with the alleged age discrimination. I know my colleague's brief tries to link up the two, but there was no evidence at trial offered to link up the disability, the need for the disability, and the actual leave. That may have been enough, but that wasn't the case in this case. Here, the only thing we have is a hostile work environment claim found by the jury with absolutely no damages allowed by the Act, and the awarding of nominal damages under that situation. Well, let me understand this. The employer violated the Act by creating a hostile work environment that harassed this fellow because of his age, but because he got sick, and because he had to leave his employment because he got sick and didn't leave because of the harassment, he doesn't get any damage? Just so you're in essence making the argument that was the initial argument on the appeal by my colleague, which was dismissed. That is the argument that started this appeal in terms of the plaintiff. That's not before the Court, because there was just no nexus. I guess I would say ---- I'm just trying to get the facts here. If he had quit because of the harassment, he would clearly have damages. If he could establish constructive discharge, the answer is yes. Then he stuck it out and got sick on some other ground and didn't come back, and that's how he got fired? He did not get fired, Your Honor. He was terminated only because he did not come back to work after the expiration of the leave, and he was able to come back to work. He chose not to come back to work at that time. He went to work somewhere else. Keep in mind, that's why we don't have the front pay issue from an equitable standpoint, because he was making more money, and that's why he did not come back. But the issue is, Your Honor, we never get to the violation of the Act because there were no damages allowed. And I would like to reserve my 1 minute and 44 seconds, if I might. Okay. Good morning, Your Honors. My name is Steve Montoya. I'm here on behalf of the Apple League. AutoNation is confusing compensatory damages from nominal damages. As Judge Martone of the District Court concluded in writing specifically when rejecting AutoNation's argument in the proceedings below, nominal damages are not compensatory damages. Compensatory damages, of course, reflect an injury. Nominal damages reflect a legal violation in which, coincidentally, there is no injury. AutoNation has also made a claim to this Court that I believe is inaccurate. It says that other circuit courts have ruled that nominal damages are not available under the ADEA. There are no opinions, published opinions, cited in AutoNation's papers before this Court where that issue is even considered. AutoNation cites two published opinions, one by the Second Circuit, Haskell v. Kamen, one by the Seventh Circuit, Moskowitz v. The issue of nominal damages is not even considered, even though the issue of compensatory damages for pain and suffering is considered. But as Judge Martone observed below, nominal damages are not compensatory damages. The Ninth Circuit's model jury instructions also clearly distinguish between nominal damages and compensatory damages and punitive damages. And in fact, the Ninth Circuit's nominal damages instruction is applicable to all employment cases, as Your Honors are aware. When Judge Martone resolved this issue against AutoNation in the proceedings below, he cited McCormick on damages, quote, recognition of some breach that nominal damages are ordinarily awarded as, quote, recognition of some breach of duty, not as a breach of duty, but as a breach of duty. And in fact, the Ninth Circuit's nominal damages instruction is applicable to all employment cases, as Your Honors are aware. And in fact, the Ninth Circuit's nominal damages instruction is applicable to all employment cases, as Your Honors are aware. Now, wait a minute. They're not available. Compensatory damages aren't available in this case? Well, that's not an issue in this case. And the courts do seem to be in agreement that emotional distress type damages are not available under the ADA. Money damages are also compensatory damages, though. Lost wages are. Right. AutoNation also claimed that before the Civil Rights Act of 1991, nominal damages awards were not awarded in Title VII cases. That's not true. On page 13 of our brief, we cite three cases preceding the Civil Rights Act of 1991 in which nominal damages were awarded in Title VII cases. In fact, AutoNation's claim to this Court this morning is singular and unique. AutoNation would have this Court conclude that even though you can obtain nominal damages in virtually every other type of claim, you can't under the ADA, even though this Court has specifically concluded in Association of Mexican American Educators v. California, one of this Court's opinions in the year 2000, that because the ADA and Title VII have a common purpose, ridding the workplace of arbitrary discrimination, that interpretation of one act applies with equal force to the other. And the United States Supreme Court had before the Ninth Circuit also made the same observation. In McKinnon v. Nashville Banner Publishing, a 1995 case cited in our brief, it's 513 U.S. at 358, quote, the ADA and Title VII have common substantive features and purpose, and they construed them similarly. AutoNation would ask this Court to construe the ADA consistent with the Fair Labor Standards Act. There's a big difference between those statutes. First of all, the Fair Labor Standards Act is not a civil rights statute. It is not an anti-discrimination statute. Second of all, the statutes are not similar. Liquidated damages, Congress is provided for under the ADA, but is not under the Fair Labor Standards Act. Moreover, in every other area of civil rights, Title VII, the Americans with Disability Act, Section 1981, the first civil rights act ever passed in the history of the United States, and under Section 1983, nominal damages have been awarded by the courts for decades. Why should there be any difference in reference to the ADA? There shouldn't be, because one of the purposes of the ADA is to deter if, in fact, you have a violation of the law, as in this very case. The jury concluded unanimously after a five-day jury trial that my client, Mr. Doug Morley, was subjected to a hostile work environment. The jury found that. They didn't appeal that finding, but because of some extraneous. I think you've got a question from Jethro. Yes. I'm sorry, Your Honor. May I ask you about the calculation of attorney's fees by the district court? Absolutely. Did the district court use the Lodestar method in first calculating the base attorney's fees? I think that you can infer that it did. It reviewed the appellee's fee application and the proceedings below, thought it was too high, because we didn't win on all of our claims and not all the plaintiffs won. So in an exercise of its discretion, it reduced the fee. Now, Judge Rawlinson, of course, the plaintiffs below, the appellees now, disagree with Judge Martone's decision. But because we didn't think that it applied a clearly erroneous factual conclusion or came to a clearly erroneous factual conclusion, we didn't appeal. It was within his discretion. In fact, the district court cut our fee application by over 50%. One interesting thing. I understand that. But my question to you is whether or not the attorney fee award can be sustained at all if the Lodestar methodology was not expressly incorporated. Your Honor, I think it can because I think that the district court based its review of what the Lodestar was. And importantly, Judge, there was no dispute on the Lodestar mark. Even though AutoNation has appealed the award of attorney's fees, its appeal is missing two things. It doesn't object to the hourly rate, which was $275 an hour. No objection to the hourly rate. Moreover, even though there was entries accumulated over two years of litigation, AutoNation has not specified one single entry that it believes is unreasonable. It basically just says, hey, this is unreasonable, which is a pure assertion that really doesn't sustain AutoNation's burden on appeal in my opinion. And that was also the district court's opinion. And the district court's opinion, of course, can only be reversed for an abuse of discretion. And I don't, without any objection to any specific time entries and no objection to the hourly rate, how can that be an abuse of discretion given the fact that the judge really did dramatically reduce the fee requested by the plaintiffs who prevailed in the proceedings below? The problem is I have no idea what the starting point was from the district court judge's perspective. I don't know where the district court judge started without the Lodestar calculation. Your Honor, I respectfully disagree. I believe that the record is clear that the district court started with a Lodestar amount that was $84,122.50. That was based on three. Counsel. Yes. Go ahead. Go ahead. I'm sorry. Okay. That's all right. That was based on 304 hours of attorney time times 275 bucks an hour. So that would have been the Lodestar. And I think that was the district court's starting point. And, moreover, Judge Rawlingson, the point that Your Honor just made is completely absent from AutoNation's papers. And even though you can sustain on any ground supported by the record, you can't reverse on a ground that wasn't urged in the appellant's opening brief, I believe. So we, even though we respect Your Honor's observations, we believe that if that is, if that was an issue, it was not preserved on appeal on this record. If there are no questions, I will thank the Court and sit down. Thank you. Thank you. Thank you. May it please the Court, very quickly, the cases that counsel cites pre-1991 to support the concept of nominal damages, they all award nominal damages without any discussion whatsoever of it being even an issue on appeal. In other words, in lieu of reversing a case entirely, they simply says, we think it's an issue on appeal. We think a nominal damages award would be appropriate. No analysis whatsoever, and that includes all of the cases cited on page 13 of their brief. However, if you look at other cases that they have cited in their brief, specifically Bristow v. Drake, it's a Seventh Circuit case decided in 1995. They go through a detailed analysis of why, post-1991, nominal damages are allowed, and before that, they go through a detailed analysis of what they think is an issue on appeal. Before that, they weren't. In other words, none of the cases they rely on have that analysis. I'd like to address Judge Robinson's question. Counsel is wrong, Your Honor, in terms of us not raising the issue of the loan start. It is raised in our second appeal. And the problem is, we don't know where the judge started, because, one, we never got a full attorney's fees submission from Plaintiff's Counsel. He first cut it down himself for those two plaintiffs, because, remember, there were three other plaintiffs who did not prevail at all, and then never consulted as required. So we don't know where they started, judge started, other than what the plaintiff submitted. And with that, my time is up. I don't quite follow that. Your argument in your brief that I'm reading is that they were unreasonably apportioned, not that the calculation was wrong, but that only one of the defendant, only one of the plaintiffs got any kind of award from the final jury that there was discrimination, so therefore, they should have been. That was one of our arguments, Your Honor. But at the beginning, you will see that we also raised the issue of the inaugural submission that was obtained. So where is that? Is that in your reply brief? No, I believe it's in the beginning of our brief in terms of the submission made in terms of the claim for attorney's fees. In other words, we never got a complete submission. What we got is plaintiff's $84,000 submission, never suggesting that that was all the money that had been, time had been spent on the case. In other words, the submission should have included all of the fees, and he could have requested less, but the judge needs to know all of that in terms of making an appropriate analysis. What I see in the blue brief with respect to fees is, A, whether there should have been any, and, B, whether there was error because they were unreasonably apportioned. Well, in the blue brief for 04-17314 at pages 4 and 5, the Lowe story is discussed. Oh, okay. Thank you. All right. The case is to argue it is submitted for decision.
judges: Schroeder, Farris, Rawlinson